UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICH AUREL,

   Petitioner,

v.

UNITED STATES FEDERAL COURT,

   Respondent.

Civil Action No.:  JRR-22-1156

**MEMORANDUM**

Pro se Plaintiff Mich Aurel, currently confined at North Branch Correctional Institution ("NBCI"), filed a petition for habeas corpus relief. ECF No 1. The Court did not receive a filing fee or Motion to Proceed in Forma Pauperis from Aurel. For the reasons that follow, Aurel's Petition will be dismissed. Accordingly, he shall not be required to correct the failure to pay the filing fee or to file a motion to have the fee waived.

**I.    The Petition**

Aurel captions his filing as "Petition for Habeas Corpus Relief for Covid-19 World Pandemic Compassionate Release the Prisoner to Deportation." ECF No. 1 at 1. He cites to Maryland state law and rules in support of his request for a writ of habeas corpus. *Id.* Aurel notes that he is an "international prisoner, citizen of Romania in the United States of America[.]" *Id.* He details medical conditions from which he is currently suffering, and includes with his petition medical records to support his statements. *Id.* at 2; ECF No. 1-1 at 3-9.[1] He faults the State for

---

[1] Aurel's non-specific claims in the instant case of inadequate medical care have routinely been addressed in several prior lawsuits. *See, e.g., Aurel v. Wexford, et al.*, Civil Action ELH-15-1127, consolidated with ELH-15-1797 (granting summary judgment to medical defendants); *Aurel v. Wexford, et al.*, Civil Action ELH-18-1251 (granting summary judgment to medical defendants); *Aurel v. Pierce, et al.*, Civil Action No. ELH-18-2463 (granting motion

some of his medical complications, stating that certain injuries stem from a fall off a top bunk bed that occurred in 2016. ECF No. 1 at 2. He states that he was "denied [a] step ladder for safe climbing" and has subsequently been "denied spinal surgery by the state of Maryland/United States of America." *Id.*[2]

Aurel notes that he is currently serving two life sentences in state prison, and has already completed "20 years day for day" and accrued enough good conduct credits to reduce his sentence an additional seven years. *Id.* He states that at 57 years old he is more vulnerable to Covid-19. *Id.* For those reasons, he requests that this Court "reduce his sentence to time served on the condition he will be deported back to his country Romania[.]" *Id.* at 3. In support of this request, he cites the "Covid-19 pandemic law 'Emergency Service Act[,]'" and three cases regarding the release of federal inmates. *Id.* Aurel also includes a copy of a letter from the Maryland Department of Public Safety and Correctional Services ("DPSCS") denying his request for a transfer under the International Prisoner Transfer Program (ECF No. 1-1 at 1) and a copy of an immigration detainer from the Department of Homeland Security. *Id.* at 2.

**II.  Discussion**

    **A.  Petition for Writ of Habeas Corpus**

Aurel asks that this Court "reduce his sentence to time served on the condition he will be deported back to his courty Romania[.]" ECF No. 1 at 3. Aurel does not specify any federal law

---

to dismiss filed by Wexford and motion for summary judgment filed by Pierce); *Aurel v. Hallworth*, ELH-19-0185 (granting summary judgment to medical defendants).

[2] This Court recognizes that these claims could potentially be cognizable under 42 U.S.C. § 1983 alleging violations of Aurel's federal constitutional rights. However, Aurel has raised these claims in federal court. In *Aurel v. Wexford, et al.*, ELH-16-1293, the Honorable Judge Ellen Hollander granted summary judgement to all medical defendants from the incident involving Aurel's fall from his bunk bed. As these claims have already been decided, this Court will not review them again. Under the doctrine of res judicata, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

that he believes to be applicable to his claims.  He instead cites to provisions of the Maryland Code and Rules pertaining to state court habeas actions. ECF No. 1 at 1.  This Court is mindful of Aurel's status as a pro se litigant, and therefore will consider *sua sponte* whether any federal law is applicable.  If it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court, however, the petition must be dismissed.  *Id*. Rules Governing § 2254 Cases, Rule 4.

First, federal courts may entertain an application for a writ of habeas corpus by a State prisoner pursuant to 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Aurel does not allege any such violations, or any facts which could support an inference that such a violation occurred. Further, the proper Respondent for a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is Petitioner's custodian, the warden of the prison where he is held.  *See* Rule 2(a), 28 U.S.C. § 2254; Fed. R. Civ. P. 25(d)(1).  Aurel has named only the "United States Federal Court" as a defendant. Aurel has thus neither named a proper defendant nor stated a claim for § 2254 habeas relief.

Aurel was sentenced in Maryland state court for violating Maryland state laws.  Because he was not prosecuted and convicted in federal court, this Court has no authority to reduce or modify his sentence.  *See* 18 U.S.C. § 3582(c)(1)(A) (sentence modification of federal convictions); *United States v. Greene*, 516 F. Supp. 3d 1, 14 (D.D.C. 2021) ("…federal courts typically lack jurisdiction over state and local offenses…"); *Lewis v. State*, No. 1080, Sept. term, 2020, 2021 WL 4130750, at *1 (Md. Ct. Spec. App. Sept. 10, 2021) (stating that "although federal inmates may file a motion for 'compassionate release' based on underlying health issues pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), no similar statute or rule exists in Maryland.").

Further, Aurel does not allege any cognizable claims under 28 U.S.C. § 2241. He does not allege that his confinement is improper, that his sentence has been miscalculated, or any other basis for relief under § 2241. Instead, he simply seeks a modification of a state court sentence or compassionate release, resulting in his deportation.

As a final potential basis for federal jurisdiction, Aurel cites "Covid-19 pandemic law 'Emergency Service Act[.]'" ECF. No. 1 at 2. This Court is not aware of any federal law related to Covid-19 which authorizes what Aurel is seeking: a modification of his state court sentence to release him to deportation.

Aurel's petition many not proceed as a habeas action under any provision of federal law.

**B. Petition for Writ of Mandamus**

Aurel submits with his Petition an immigration detainer issued against him by the United States Department of Homeland Security dated November 9, 2010. ECF No. 1-1. He also submits a letter addressed to him, dated July 11, 2013, from DPSCS stating that he has been denied transer to Romania under the International Prisoner Transfer Program. [3] ECF No. 1-1 at 1.

To the extent that Aurel is requesting that the United States Immigration and Naturalization Services issue a deportation order, this Court will consider whether that relief is available to him through a writ of mandamus. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the

---

[3] This Court notes that "[a] foreign national prisoner who is in state custody must follow the transfer application procedure required by the state which sentenced him. In order for a state prisoner to obtain a transfer to his home country, his application must be approved at both the state and federal levels. If the state denies the transfer request, it cannot be reviewed by" the Department of Justice. International Prisoner Transfer Program: How the Program Works (2019), https://www.justice.gov/criminal-oia/how-program-works (last visited Jun 28, 2022). Based on the documentation provided, Aurel's request has not yet been approved by the state of Maryland.

relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Under the Immigration and Nationalities Act, 8 U.S.C. § 1231, the Attorney General may remove a deportable alien prior to the expiration of his prison term under certain limited conditions. *See* 8 U.S.C. § 1231(a)(4). Aurel, however, has no private right to an order of deportation. "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Accordingly, courts have uniformly held that no alien has an individual right to compel the Attorney General or the Department of Homeland Security to deport him. *See, e.g., Prieto v. Gluch,* 913 F.2d 1159 (6th Cir.1990); *Thye v. United*

*States,* 109 F.3d 127 (2d Cir.1997) (per curiam); *Hernandez-Avalos v. Immigration & Naturalization Serv.,* 50 F.3d 842 (10th Cir.1995); *Campos v. Immigration & Naturalization Serv.,* 62 F.3d 311 (9th Cir.1995); *Giddings v. Chandler,* 979 F.2d 1104 (5th Cir.1992); *Aguirre v. Meese,* 930 F.2d 1292 (7th Cir.1991) (per curiam).  Aurel is not entitled to the relief he seeks, and mandamus is unavailable in this circumstance.

### III. Conclusion

For the foregoing reasons, under any construction of this pleading, this matter cannot proceed. Accordingly, it is hereby ORDERED that Aurel's petition for habeas corpus relief will be DISMISSED without prejudice.  A separate Order follows.

_____/s/_____
Julie R. Rubin
United States District Judge